FRIEDMAN STROFFE & GERARD, P.C.
ROBERT GERARD (SBN 131911)
    rgerard@fsglawyers.com
ANDREW R. NELSON (SBN 214895)
    anelson@fsglawyers.com
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2425
Telephone: (949) 265-1100
Facsimile:  (949) 265-1199

Attorneys for Defendant EMU AUSTRALIA, INC,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>EMU AUSTRALIA, INC., a California corporation, and EMU (AUS) PTY LTD, an Australian company,<br><br>        Defendants. | Case No: SACV10-01862-DOC (RNBx)<br><br>HON. DAVID O. CARTER<br><br>**ANSWER OF EMU AUSTRALIA, INC.**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Complaint Filed:  12/07/10 |

Defendant EMU Australia, Inc. ("EMU"), by and through its undersigned counsel, hereby answers the complaint ("Complaint") filed by plaintiff Deckers Outdoor Corporation ("Deckers") as follows:

1.  Defendant denies the averments of paragraph 1.

2.  Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 2.

3. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 3.

4. Defendant denies the averments of paragraph 4, except that it admits that it sells boots and that the website located at the domain name www.emuaustralia.com has used the word "ugg" to refer to sheepskin boots.

5. Defendant admits the averment of paragraph 5.

6. Defendant denies the averments of paragraph 6.

7. Defendant denies the averments of paragraph 7.

## JURISDICTION

8. Defendant admits the averments of paragraph 8.

9. Defendant denies that it committed any violations of the law that are alleged to "giv[e] rise to this action in this district." Defendant admits the remaining averments of paragraph 9.

10. Defendant admits the averments of paragraph 10.

11. Defendant admits the averments of paragraph 11, except that Defendant denies that it has wrongfully caused any injury to Deckers in the State of California or this district, or that such alleged injury was foreseeable.

## VENUE

12. Defendant admits the averments of paragraph 12.

13. Defendant denies the averments of paragraph 13.

## PARTIES

14. Defendant admits the averments in the first sentence of paragraph 14. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 14, except that Defendant admits that Deckers markets and sells footwear, including footwear under the name UGG.

15. Defendant admits the averments of paragraph 15, except that it denies that it markets, offers for sale, or distributes footwear online.

16. Defendant admits the averments of the first sentence of paragraph 16. Responding to the averments in the second sentence of paragraph 16, Defendant admits that it is the subsidiary of "EMU" and that the remaining allegations of paragraph 16 are unintelligible, and therefore Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of paragraph 16.

## GENERAL ALLEGATIONS

### I. DECKERS' UGG MARK

17. Defendant admits that Deckers is the owner of record to the trademark registrations listed in paragraph 30. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 17.

18. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 18.

19. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 19.

20. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 20, except that Defendant admits that the identified federal trademark registration was issued by the USPTO.

21. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 21.

22. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 22.

23. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 23.

24. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 24.

25. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 25.

26. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 26.

27. Defendant is without sufficient information to form a belief as to the truth of the averments of first sentence of paragraph 27. Defendant admits that Deckers uses the word "UGG" in connection with sheepskin boots. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 27.

28. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 28.

29. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 29.

30. Defendant admits that Deckers is the record owner of the trademark registrations listed in paragraph 30. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 30.

31. Defendant admits that it is the record owner of the listed trademark registration and that Deckers is referring to the 11 trademark registrations listed in paragraph 30 and 31 collectively as the "UGG Mark." Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 31.

## II. DEFENDANT'S WRONGFUL ACTS

32. Defendant admits that EMU brand footwear have been sold in the United States since at least 1999. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 32.

33. Defendant denies the averments of paragraph 33.

34. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 34.

35. Defendant denies the averments of paragraph 35.

36. Defendant admits that the graphical portion of paragraph 36 (beginning on page 9) depicts some of the content that was viewable at the website located at www.emuaustralia.com. Defendant denies the remaining averments of paragraph 36.

37. Defendant admits that it is the registrant of the domain name www.emuaustralia.net, that said domain name redirects to www.emuaustralia.com, that Defendant is the listed registrant of www.emuaustralia.net, and that the registrant's listed address is the same as Defendant's. Defendant denies the remaining averments of paragraph 37.

38. Defendant admits that circled instances of the word "ugg" on the website were hyperlinks to other web pages. Defendant denies the remaining averments of paragraph 38.

39. Defendant admits that the graphical portion of paragraph 39 depicts some of the content that was viewable at the website located at www.emuaustralia.com. The remaining averments are unintelligible; therefore Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 39.

40. Defendant denies the averments of paragraph 40.

41. Defendant denies the averments of paragraph 41.

42. Defendant denies the averments of paragraph 42.

43. Defendant denies the averments of paragraph 43.

### III. INJURY TO DECKERS

44. Defendant denies the averments of paragraph 44.

45. Defendant is without sufficient information to form a belief as to the truth of the averments in the first two sentences of paragraph 45. Defendant denies the remaining averments of paragraph 45.

46. Defendant denies the averments of paragraph 46.

47. Defendant denies the averments of paragraph 47.

48. Defendant denies the averments of paragraph 48.

49. Defendant denies the averments of paragraph 49.

50. Defendant denies the averments of paragraph 50.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

[Federal Trademark Infringement (Lanham Act, 15 U.S.C. § 1114(1))]

51. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

52. Defendant denies the averments of paragraph 52.

53. Defendant denies the averments of paragraph 53.

54. Defendant denies the averments of paragraph 54.

55. Defendant denies the averments of paragraph 55.

### SECOND CLAIM FOR RELIEF

[Federal Trademark Infringement and Unfair Competition

(Lanham Act, 15 U.S.C. § 1125(a))]

56. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

57. Defendant denies the averments of the first sentence of paragraph 57. Defendant is without sufficient information to form a belief as to the truth of the remaining averments of paragraph 57.

58. Defendant denies the averments of paragraph 58.

59. Defendant denies the averments of paragraph 59.

///

## THIRD CLAIM FOR RELIEF

### [Common-Law Trademark Infringement]

60. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

61. Defendant denies the averments of paragraph 61.

62. Defendant denies the averments of paragraph 62.

63. Defendant denies the averments of paragraph 63.

64. Defendant denies the averments of paragraph 64.

## FOURTH CLAIM FOR RELIEF

### [Federal Trademark Dilution (Lanham Act, 15 U.S.C. § 1125(c))]

65. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

66. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 66.

67. Defendant denies the averments of paragraph 67.

68. Defendant denies the averments of paragraph 68.

69. Defendant denies the averments of paragraph 69.

## FIFTH CLAIM FOR RELIEF

### [State Trademark Dilution and Injury to Business Reputation]

70. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

71. Defendant is without sufficient information to form a belief as to the truth of the averments of paragraph 71.

72. Defendant denies the averments of paragraph 72.

73. Defendant denies the averments of paragraph 73.

74. Defendant denies the averments of paragraph 74.

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

### [Common-Law Unfair Competition]

75. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

76. Defendant denies the averments of paragraph 76.

77. Defendant denies the averments of paragraph 77.

78. Defendant denies the averments of paragraph 78.

79. Defendant denies the averments of paragraph 79.

## SEVENTH CLAIM FOR RELIEF

### [State Unfair and Deceptive Trade Practices]

80. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

81. Defendant denies the averments of paragraph 81.

82. Defendant denies the averments of paragraph 82.

## EIGHTH CLAIM FOR RELIEF

### [Violation of Business and Professions Code]

83. Defendant incorporates by reference its responses to the preceding averments of the Complaint.

84. Defendant denies the averments of paragraph 84.

85. Defendant denies the averments of paragraph 85.

86. Defendant denies the averments of paragraph 86.

87. Defendant denies the averments of paragraph 87.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

88. For a first separate and distinct affirmative defense, Defendant alleges that Plaintiff, in its Complaint, has failed to state a claim upon which a relief may be granted in violation of FRCP 12.

## SECOND AFFIRMATIVE DEFENSE

89. For a second separate and distinct affirmative defense, each of the purported claims alleged in Plaintiff's Complaint are barred, in whole or in part, because Plaintiff failed to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

90. For a third separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

91. For a fourth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

92. For a fifth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

93. For a sixth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable federal and state statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

94. For a seventh separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

95. For an eighth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because they are not pleaded with sufficient particularity.

## NINTH AFFIRMATIVE DEFENSE

96. For a ninth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Defendants' conduct was privileged by the doctrine of fair competition.

### TENTH AFFIRMATIVE DEFENSE

97. For a tenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because one or more of Plaintiff's purported trademarks is invalid because it is generic.

### ELEVENTH AFFIRMATIVE DEFENSE

98. For an eleventh separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Defendant's use of the alleged marks at issue was a fair use.

### TWELFTH AFFIRMATIVE DEFENSE

99. For a twelfth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff is misusing its alleged trademarks, amounting to an abuse of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

100. For a thirteenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff is misusing its alleged trademarks, amounting to an unlawful restraint of trade.

### FOURTEENTH AFFIRMATIVE DEFENSE

101. For a fourteenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of abandonment.

### FIFTEENTH AFFIRMATIVE DEFENSE

102. For a fifteenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's purported claims for violations of federally registered trademarks are barred because one or more of such registrations is invalid or unenforceable because it was procured or maintained by fraud on the USPTO or the purported mark is generic.

### SIXTEENTH AFFIRMATIVE DEFENSE

103. For a sixteenth separate and distinct affirmative defense,

Defendant alleges that Plaintiff's purported trademarks lack sufficient distinctiveness to qualify for trademark protection.

### SEVENTEENTH AFFIRMATIVE DEFENSE

104. For a seventeenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's purported trademarks are not inherently distinctive and lack sufficient secondary meaning to qualify for trademark protection.

### EIGHTEENTH AFFIRMATIVE DEFENSE

105. For a eighteenth separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff's Complaint and each of its purported claims seek equitable relief, such claims are barred, in whole or in part, because Plaintiff's remedy at law is adequate.

### NINTEENTH AFFIRMATIVE DEFENSE

106. For a nineteenth separate and distinct affirmative defense, Defendant alleges that Plaintiff's purported claims for violation of California's and other states' unfair competition law alleged in the Complaint are barred, in whole or in part, by the doctrine of preemption.

### TWENTIETH AFFIRMATIVE DEFENSE

107. For a twentieth separate and distinct affirmative defense, Defendant alleges that their alleged conduct was justified and/or privileged because Defendants used lawful and recognized trade practices in engaging in any alleged conduct for which Plaintiff now complain and therefore, Plaintiff's claims are not actionable.

WHEREFORE, Defendant prays for judgment on Plaintiff's Complaint as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing by its Complaint;

2. That Plaintiff's trademark registrations be cancelled;

3. That Defendant be awarded its costs, including expert witness fees, incurred herein;

4. That Defendant be awarded its attorneys' fees and expenses in accordance with 15 U.S.C. § 1117, the federal common law, or otherwise; and

5. For such other and further relief as the Court may deem just and proper.

DATED: December 28, 2010.   FRIEDMAN STROFFE & GERARD, P.C.

By: /s/ Robert Gerard
Robert Gerard
Andrew R. Nelson
Attorneys for Defendant,
EMU AUSTRALIA, INC.

# PROOF OF SERVICE

Case Name and Number:  EMU Australia, Inc. adv. Deckers Outdoor Corporation; USDC Case No. SACV10-01862 DOC (RNBx)

    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 19800 MacArthur Boulevard, Suite 1100, Irvine, California 92612-2425.

On **December 28, 2010**, I served the foregoing document(s) described as follows:

## ANSWER OF EMU AUSTRALIA, INC.

**SERVICE MADE BY:**

[ X ] **(ELECTRONIC FILING) (L.R. 5-3.3)**  Service by NEF (Notice of Electronic Filing) constitutes service pursuant to the Federal Rules of Civil Procedure for all attorneys who have consented to electronic service.

| | |
|---|---|
| Richard A. Schirtzer, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>richardschirtzer@quinnemanuel.com | *Attorneys for Plaintiff* |
| Susan r. Estrich, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>susanestrich@quinnemanuel.com | *Attorneys for Plaintiff* |
| Robert L. Raskopf, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>robertraskopf@quinnemanuel.com | *Attorneys for Plaintiff* |

| | |
|---|---|
| Kate E. Cassidy, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>katecassidy@quinnemanuel.com | *Attorneys for*<br>*Plaintiff* |

[ X ] **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on **December 28, 2010**, at Irvine, California.

/s/ Terri M. Shaw
**TERRI M. SHAW**