1

FRIEDMAN STROFFE & GERARD, P.C.
ROBERT GERARD (SBN 131911)

2

   rgerard@fsglawyers.com

3

ANDREW R. NELSON (SBN 214895)

4

   anelson@fsglawyers.com
19800 MacArthur Boulevard, Suite 1100

5

Irvine, California 92612-2425

6

Telephone: (949) 265-1100
Facsimile:  (949) 265-1199

7

8

Attorneys for Defendant/Counterclaimant
EMU AUSTRALIA, INC.

9

10

**UNITED STATES DISTRICT COURT**

11

**CENTRAL DISTRICT OF CALIFORNIA –SOUTHERN DIVISION**

12

13

14

DECKERS OUTDOOR
CORPORATION, a Delaware
corporation,

               Plaintiff,

15

        vs.

16

17

18

EMU AUSTRALIA, INC., a California
corporation, and EMU (AUS) PTY
LTD, an Australian company,

19

             Defendants.

20

21

EMU AUSTRALIA, INC., a California
corporation,

22

          Counterclaimant,

23

    vs.

24

25

DECKERS OUTDOOR
CORPORATION, a Delaware
corporation,

26

        Counterdefendant.

27

28

Case No: SACV10-01862-DOC (RNBx)

HON. DAVID O. CARTER

**FIRST AMENDED COUNTERCLAIM
OF EMU AUSTRALIA, INC.  AGAINST
DECKERS OUTDOOR
CORPORATION**

**[DEMAND FOR JURY TRIAL]**

Complaint Filed:  12/07/10

1

By way of this Counterclaim ("Counterclaim") against Plaintiff and Counterdefendant DECKERS OUTDOOR CORPORATION ("Deckers"), Defendant and Counterclaimant EMU AUSTRALIA, INC. ("EMU") alleges:

## THE PARTIES

1.     EMU is a corporation organized under the laws of the state of California and maintains its principal place of business in San Clemente, California.

2.     Deckers is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Goleta, California.

## JURISDICTION AND VENUE

3.     This is counterclaim for declaratory relief and damages brought under 28 U.S.C. §§ 2201 and 2202 and under the Lanham Act, 15 U.S.C. §§ 1119 and 1125(a).   This Court has federal question jurisdiction over this counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Deckers because, among other reasons, Deckers is a corporation with its principal place of business in California subject to jurisdiction within this District.

5.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this litigation occurred in this District.

## COMMON ALLEGATIONS

6.     EMU and Deckers both market, promote, and sell sheepskin footwear in the United States, including California.

7.     Deckers is the record owner of various federal trademark registrations for its purported trademark rights in the word "UGG," including the following registration numbers:   1460992 (the " '992 Mark"), 2624802 (the "

2

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

1  '802 Mark"), 3061278 (the " '278 Mark"), 3412734 (the " '734 Mark"), 3166350
2  (the " '350 Mark"), 3166351 (the " '351 Mark"), 3166352 (the " '352 Mark"),
3  3360442 (the " '442 Mark"), 3050925 (the " '925 Mark"), 3050865 (the " '865
4  Mark"), 3050902 (the " '902 Mark"), and 3050903 (the " '903 Mark") (hereinafter
5  the foregoing trademark registrations are sometimes collectively referred to as
6  the "UGG Registrations" and the purported underlying trademarks are
7  sometimes collectively referred to as the "UGG Marks").

8      8.      On December 7, 2010, Deckers filed its Complaint in the within
9  action, through which it asserts various claims for relief against EMU based on
10  a majority of the UGG Marks and UGG Registrations.

**FIRST CLAIM FOR RELIEF**

**(Cancellation of Registrations based on Fraud on the USPTO under 15**

**U.S.C. §§ 1064, 1119)**

14      9.      EMU hereby incorporates by reference the averments in
15  paragraphs 1 through 8 as though fully set forth herein.

16      10.     EMU is informed and believes, and on that basis alleges that
17  Deckers or its predecessors-in-interest made at least the following false
18  statements of material fact to the United States Patent and Trademark Office
19  ("USPTO"):

20          a. Brian Smith, then president of applicant UGG Imports, Inc., stated
21             in the November 25, 1985 application for the '992 Mark, that to the
22             best of his knowledge and belief no other person, firm, corporation,
23             or association had the right to use the '992 Mark in commerce,
24             either in the identical form or in such near resemblance thereto as
25             may be likely, when applied to the goods of such other person, to
26             cause confusion, or to cause mistake, or to deceive;

27

28

3

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

b. Carl Brown, then attorney for applicant UGG Imports, Inc., in connection with the application for the '992 Mark, stated in a March 7, 1986 telephone interview with the USPTO examiner that "UGG" had no significance in the relevant trade or industry;

c. Carl Brown, then attorney for applicant UGG Imports, Inc., in connection with the application for the '992 Mark, stated in a March 7, 1986 telephone interview with the USPTO examiner that there was no translation for the word "UGG";

d. Peter Benjamin, then president of applicant UGG Holdings, Inc. stated in the November 6, 2001 application for the '802 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '802 Mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake, or to deceive;

e. Applicant UGG Holdings, Inc., in connection with the application for the '802 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

f. Paul Juettner, then attorney for applicant UGG Holdings, Inc. stated in the January 15, 2004 application for the '278 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '278 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

4

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

g. Paul Juettner, then attorney for applicant UGG Holdings, Inc., stated in a February 5, 2005 written response to a USPTO office action concerning the application for the '278 Mark, that UGG did not have any significance in the relevant trade or industry or as applied to the goods, and that the primary significance of UGG in the relevant U.S. industry or trade as applied to the subject goods was as a trademark;

h. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '734 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '734 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

i. Applicant Deckers, in connection with the application for the '734 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

j. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '350 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '350 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

k. Applicant Deckers, in connection with the application for the '350 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

l. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '351 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '351 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

m. Applicant Deckers, in connection with the application for the '351 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

n. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '352 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '352 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

o. Applicant Deckers, in connection with the application for the '352 Mark, failed to disclose to the USPTO the significance of the word

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

p. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '442 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '442 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

q. Applicant Deckers, in connection with the application for the '442 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

r. Paul Juettner, then attorney for applicant Deckers, stated in the January 21, 2005 application for the '925 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '925 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

s. Applicant Deckers, in connection with the application for the '925 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

t. Tom Fitzsimons, then attorney for applicant Deckers, stated in the April 29, 2005 application for the '865 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '865 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

u. Applicant Deckers, in connection with the application for the '865 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

v. Tom Fitzsimons, then attorney for applicant Deckers, stated in the August 5, 2005 application for the '902 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or association had the right to use the '902 Mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive;

w. Applicant Deckers, in connection with the application for the '902 Mark, failed to disclose to the USPTO the significance of the word UGG in the industry and trade, namely that UGG is generic for, or otherwise describes, sheepskin boots.

x. Tom Fitzsimons, then attorney for applicant Deckers, stated in the August 5, 2005 application for the '903 Mark, that to the best of his knowledge and belief no other person, firm, corporation, or

8

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

1    association had the right to use the '903 Mark in commerce, either

2    in the identical form thereof or in such near resemblance thereto as

3    to be likely, when used on or in connection with the goods/services

4    of such other person, to cause confusion, or to cause mistake, or to

5    deceive; and

6    y. Applicant Deckers, in connection with the application for the '903

7    Mark, failed to disclose to the USPTO the significance of the word

8    UGG in the industry and trade, namely that UGG is generic for, or

9    otherwise describes, sheepskin boots.

10    11.    EMU is informed and believes, and based thereon alleges that the

11   foregoing statements and failures to disclose were made with knowledge that

12   such statements and failures to disclose were false, namely that:

13    a. At the time each application for registration was submitted and

14    prosecuted, the applicant knew that UGG had been used in the

15    industry as a generic term for, or to otherwise describe, sheepskin

16    boots.

17    b. At the time each application for registration was submitted, the

18    applicant knew that others had been using UGG in connection with

19    sheepskin products, that such use predated and was superior to

20    the applicant's, and that the applicant had no reasonable basis to

21    believe that a likelihood of confusion would not result from its

22    procurement of each UGG Registration.

23    12.    EMU is informed and believes, and based thereon alleges that

24   each foregoing statement and failure to disclose was made with the intent to

25   deceive the USPTO to obtain a trademark registration to which Deckers or its

26   predecessor-in-interest was not entitled.

27

28

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

1    13.    EMU is informed and believes, and based thereon alleges, that the

2    USPTO reasonably relied on each foregoing statement and failure to disclose

3    when it issued each of the UGG Registrations.

4    14.    As a proximate result of the foregoing fraudulent acts, EMU has

5    suffered damages in an amount according to proof at trial.

6    15.    Based on the foregoing acts, the UGG Registrations should be

7    cancelled.

8    **SECOND CLAIM FOR RELIEF**

9    **(Cancellation of Registrations Based on Genericness under 15 U.S.C. §§**

10    **1052, 1064, 1119, and 1127)**

11    16.    EMU hereby incorporates by reference the averments in

12    paragraphs 1 through 15 as though fully set forth herein.

13    17.    EMU is informed and believes, and based thereon alleges that prior

14    to the earliest claimed use by Deckers or its predecessors-in-interest, UGG

15    was understood in the relevant trade and by the consuming public to be a

16    generic term for sheepskin boots.

17    18.    Accordingly, Deckers and its predecessors-in-interest were not

18    entitled to obtain federal trademark registrations for UGG in connection with

19    sheepskin footwear or the sale of such footwear, namely the '992 Mark, the

20    '802 Mark, the '442 Mark, the '925 Mark, the '865 Mark, and the '845 Mark.

21    19.    Alternatively, if UGG was not generic *ab initio* when used in

22    connection with sheepskin boots, EMU is informed and believes, and based

23    thereon alleges that the consuming public has adopted UGG as a generic

24    name for sheepskin footwear, causing UGG to lose any trademark significance

25    in connection with sheepskin footwear.

26    20.    Because UGG was generic *ab initio*, or has become generic when

27    used in connection with sheepskin footwear, the the '992 Mark, the '802 Mark,

28

10

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

1   the '442 Mark, the '925 Mark, the '865 Mark, and the '845 Mark should be

2   cancelled.

3   ## THIRD CLAIM FOR RELIEF

4   **(Declaratory Relief)**

5       21.   EMU hereby incorporates by reference the averments in

6   paragraphs 1 through 20 as though fully set forth herein.

7       22.   As set forth in Deckers' Complaint, EMU's Answer to the same,

8   and this First Amended Counterclaim, there is an actual, substantial, and

9   continuing justiciable controversy between EMU and Deckers concerning the

10  validity and enforceability of the UGG Marks and the UGG Registrations, as

11  well as the alleged infringement thereof by EMU.

12      23.   Deckers contends that it is the owner of the UGG Marks and UGG

13  Registrations.   Deckers further contends that EMU is liable for various

14  violations of Deckers' rights, as set forth in the Complaint.

15      24.   EMU contends that it has not infringed the rights claimed by

16  Deckers or is not otherwise liable for violations of any such rights, as set forth

17  in the specific denials and affirmative and separate defenses to the averments

18  of Deckers' Complaint contained in EMU's Answer, all of which are

19  incorporated by reference.   Absent a declaration of the validity and

20  enforceability of the putative trademarks and trademark registrations asserted

21  in this action, including EMU's non-infringement of the same, Deckers will

22  continue to assert its putative rights in the UGG Trademarks and UGG

23  Registrations against EMU, thereby causing damage to EMU.

24      25.   EMU seeks a declaration concerning the validity and enforceability

25  of the UGG Marks and UGG Registrations; and EMU seeks a declaration that it

26  has not infringed any trademark or related interests, for which Deckers claims

27  ownership in this action.

28

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

## PRAYER FOR RELIEF

WHEREFORE, EMU prays for judgment against Deckers as follows:

1.      That Deckers take nothing by way of its Complaint and that judgment be rendered in favor of EMU;

2.      For damages allowable under 15 U.S.C. § 1120;

3.      That this Court declare that:

     a.      Deckers or its predecessors-in-interest committed fraud on the USPTO in connection with its applications for registration of the UGG Marks;

     b.      UGG was generic *ab initio*, or has become generic when used in connection with sheepskin footwear;

     c.      The UGG Marks are invalid and unenforceable; and

     d.      EMU has not violated any trademark or related interests of Deckers;

4.      That the UGG Registrations be ordered cancelled;

5.      That EMU be awarded its reasonable attorneys' fees and expenses in accordance with 15 U.S.C. § 1117, the federal common law, or otherwise;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court may deem just and proper.

DATED: January 25, 2011          FRIEDMAN STROFFE & GERARD, P.C.


By: _____
Robert Gerard
Andrew R. Nelson
Attorneys for Defendant/Counterclaimant
EMU AUSTRALIA, INC.

12

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

1

## PROOF OF SERVICE

2

3      I am employed by the law firm of FRIEDMAN STROFFE & GERARD, P.C., in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My business address is 19800 MacArthur Boulevard, Suite 1100, Irvine, California 92612.

4

5

6      On January 27, 2011, I served the foregoing document(s) entitled **FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.   AGAINST DECKERS OUTDOOR CORPORATION,** on the interested persons and in the manner indicated below:

7

8
## SEE ATTACHED SERVICE LIST

9

10   ☒   BY MAIL. I placed ☐ the original ☒ a true copy(ies) in a sealed envelope(s) for collection and mailing on the date and at the place indicated below following our ordinary business practices. I am readily familiar with the business practice of FRIEDMAN STROFFE & GERARD, P.C. for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope(s) with postage fully prepaid.

11

12

13

14

15

16   ☐   BY OVERNIGHT COURIER.  I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

17

18

19   ☐   BY FACSIMILE TRANSMISSION. On the date indicated above, at _____ a.m./p.m. at Irvine, California, from facsimile number 949-265-1199, I served the above-referenced document on the above-stated addressee by facsimile transmission to a facsimile machine maintained by said addressee(s) at the facsimile number(s) indicated above or in the attached service list.   A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error.

20

21

22

23

24   **[ X ]  (FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.  Executed on January 27, 2011, at Irvine, California.

25

26
_____

27
APRIL YUSAY

28

13

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.

## SERVICE LIST

Richard A. Schirtzer, Esq.                                   *Attorneys for Plaintiff*
Susan R. Estrich, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
213.443.3000  Phone
213.443.3100  Fax
Email: richardschirtzer@quinnemanuel.com
       susanestrich@quinnemanuel.com

Robert L. Raskopf, Esq.                                      *Attorneys for Plaintiff*
Kate E. Cassidy, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
212.849.7000  Phone
212.849.7100  Fax
Email: robertraskopf@quinnemanuel.com
       katecassidy@quinnemanuel.com

14

FIRST AMENDED COUNTERCLAIM OF EMU AUSTRALIA, INC.