QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Richard A. Schirtzer (Bar No. 150165)
  richardschirtzer@quinnemanuel.com
  Susan R. Estrich (Bar No. 124009)
  susanestrich@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert L. Raskopf (*pro hac vice*)
  robertraskopf@quinnemanuel.com
  Kate E. Cassidy (*pro hac vice*)
  katecassidy@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

Attorneys for Deckers Outdoor Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>              Plaintiff,<br><br>     vs.<br><br>EMU AUSTRALIA, INC. and EMU (AUS) PTY LTD,<br><br>              Defendants.<br><br>EMU AUSTRALIA, INC. and EMU (AUS) PTY LTD,<br><br>              Counterclaimants,<br><br>     vs.<br><br>DECKERS OUTDOOR CORPORATION,<br><br>              Counterdefendant. | NO. SACV10-01862-DOC (RNBx)<br><br>HON. DAVID O. CARTER<br><br>**ANSWER OF DECKERS OUTDOOR CORPORATION TO EMU (AUS) PTY LTD'S COUNTERCLAIM** |

1  Deckers Outdoor Corporation ("Deckers"), by and through its undersigned
2  counsel, for its Answer to the Counterclaim ("Counterclaim") filed against it by
3  Defendant Emu (Aus) Pty Ltd ("Emu" and together with Emu Australia, Inc.,
4  "Defendants"), states as follows:

### THE PARTIES

5
6  1.  Deckers admits the allegations contained in Paragraph 1 of the
7  Counterclaim.
8  2.  Deckers admits the allegations contained in Paragraph 2 of the
9  Counterclaim.

### JURISDICTION AND VENUE

10
11  3.  Deckers states that the allegations contained in the first sentence of
12  Paragraph 3 of the Counterclaim purport to set forth conclusions of law to which no
13  response is required.  Deckers admits the allegations contained in the second
14  sentence of Paragraph 3 of the Counterclaim.
15  4.  Deckers admits the allegations contained in Paragraph 4 of the
16  Counterclaim.
17  5.  Deckers admits the allegations contained in Paragraph 5 of the
18  Counterclaim.

### COMMON ALLEGATIONS

19
20  6.  Deckers admits the allegations contained in Paragraph 6 of the
21  Counterclaim.
22  7.  Deckers avers that it is the record owner of various federal trademark
23  registrations for its UGG Mark, including the following registration numbers:
24  1460992 ("'992 Mark"), 2624802 ("'802 Mark"), 3061278 ("'278 Mark"), 3412734
25  ("'734 Mark"), 3166350 ("'350 Mark"), 3166351 ("'351 Mark"), 3166352 ("'352
26  Mark"), 3360442 ("'442 Mark"), 3050925 ("'925 Mark"), 3050865 ("'865 Mark"),
27  3050902 ("'902 Mark"), and 3050903 ("'903 Mark"), avers that the registration for
28

the '992 Mark was not renewed, and, except as so stated, denies the allegations contained in Paragraph 7 of the Counterclaim.

8. Deckers avers that on December 7, 2010, it filed its Complaint in this action asserting various claims for relief against Defendants based on their unauthorized use of Deckers's famous registered trademark, UGG (the "UGG Mark"), that the content of the Complaint speaks for itself and, except as so stated, denies the allegations contained in Paragraph 8 of the Counterclaim.

## **FIRST CLAIM FOR RELIEF**

**(Cancellation of Registrations based on Fraud on the USPTO under 15 U.S.C. §§ 1064, 1119)**

9. Deckers hereby incorporates and re-alleges its responses to Paragraphs 1 through 8, above.

10. Deckers denies the allegations contained in Paragraph 10 of the Counterclaim, and:

    a. Deckers avers that the content of the application for the '992 Mark speaks for itself. Deckers further avers that the registration for the '992 Mark was not renewed and therefore the allegations contained in Subparagraph 10a are moot and irrelevant. Except as so stated, Deckers denies the remaining allegations contained in Subparagraph 10a of the Counterclaim;

    b. Deckers avers that the content of the application for the '992 Mark speaks for itself. Deckers further avers that the registration for the '992 Mark was not renewed and therefore the allegations contained in Subparagraph 10b are moot and irrelevant. Except as so stated, Deckers denies the remaining allegations contained in Subparagraph 10b of the Counterclaim;

    c. Deckers avers that the content of the application for the '992 Mark speaks for itself. Deckers further avers that the registration for the '992

1           Mark was not renewed and therefore the allegations contained in
2           Subparagraph 10c are moot and irrelevant.  Except as so stated,
3           Deckers denies the remaining allegations contained in Subparagraph
4           10c of the Counterclaim;

5     d. Deckers avers that the content of the application for the '802 Mark
6        speaks for itself and denies the remaining allegations contained in
7        Subparagraph 10d of the Counterclaim;

8     e. Deckers avers that the content of the application for the '802 Mark
9        speaks for itself and denies the remaining allegations contained in
10       Subparagraph 10e of the Counterclaim;

11    f. Deckers avers that the content of the application for the '278 Mark
12       speaks for itself and denies the remaining allegations contained in
13       Subparagraph 10f of the Counterclaim;

14    g. Deckers avers that the content of the application for the '278 Mark
15       speaks for itself and denies the remaining allegations contained in
16       Subparagraph 10g of the Counterclaim;

17    h. Deckers avers that the content of the application for the '734 Mark
18       speaks for itself and denies the remaining allegations contained in
19       Subparagraph 10h of the Counterclaim;

20    i. Deckers avers that the content of the application for the '734 Mark
21       speaks for itself and denies the remaining allegations contained in
22       Subparagraph 10i of the Counterclaim;

23    j. Deckers avers that the content of the application for the '350 Mark
24       speaks for itself and denies the remaining allegations contained in
25       Subparagraph 10j of the Counterclaim;

26    k. Deckers avers that the content of the application for the '350 Mark
27       speaks for itself and denies the remaining allegations contained in
28       Subparagraph 10k of the Counterclaim;

1     l. Deckers avers that the content of the application for the '351 Mark
2        speaks for itself and denies the remaining allegations contained in
3        Subparagraph 10l of the Counterclaim;
4    m. Deckers avers that the content of the application for the '351 Mark
5        speaks for itself and denies the remaining allegations contained in
6        Subparagraph 10m of the Counterclaim;
7    n. Deckers avers that the content of the application for the '352 Mark
8        speaks for itself and denies the remaining allegations contained in
9        Subparagraph 10n of the Counterclaim;
10   o. Deckers avers that the content of the application for the '352 Mark
11       speaks for itself and denies the remaining allegations contained in
12       Subparagraph 10o of the Counterclaim;
13   p. Deckers avers that the content of the application for the '442 Mark
14       speaks for itself and denies the remaining allegations contained in
15       Subparagraph 10p of the Counterclaim;
16   q. Deckers avers that the content of the application for the '442 Mark
17       speaks for itself and denies the remaining allegations contained in
18       Subparagraph 10q of the Counterclaim;
19   r. Deckers avers that the content of the application for the '925 Mark
20       speaks for itself and denies the remaining allegations contained in
21       Subparagraph 10r of the Counterclaim;
22   s. Deckers avers that the content of the application for the '925 Mark
23       speaks for itself and denies the remaining allegations contained in
24       Subparagraph 10s of the Counterclaim;
25   t. Deckers avers that the content of the application for the '865 Mark
26       speaks for itself and denies the remaining allegations contained in
27       Subparagraph 10t of the Counterclaim;
28

1       u. Deckers avers that the content of the application for the '865 Mark speaks for itself and denies the remaining allegations contained in Subparagraph 10u of the Counterclaim;

      v. Deckers avers that the content of the application for the '902 Mark speaks for itself and denies the remaining allegations contained in Subparagraph 10v of the Counterclaim;

      w. Deckers avers that the content of the application for the '902 Mark speaks for itself and denies the remaining allegations contained in Subparagraph 10w of the Counterclaim;

      x. Deckers avers that the content of the application for the '903 Mark speaks for itself and denies the remaining allegations contained in Subparagraph 10x of the Counterclaim; and

      y. Deckers avers that the content of the application for the '903 Mark speaks for itself and denies the remaining allegations contained in Subparagraph 10y of the Counterclaim.

11. Deckers denies the allegations contained in Paragraph 11 of the Counterclaim, and:

      a. Deckers denies the allegations contained in Subparagraph 11a of the Counterclaim.

      b. Deckers denies the allegations contained in Subparagraph 11b of the Counterclaim.

12. Deckers denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Deckers avers that the contents of the applications underlying the UGG Registrations speak for themselves and, except as so stated, lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of the Counterclaim and on that basis denies the allegations.

14. Deckers denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Deckers avers that the registration for the '992 Mark was not renewed and therefore the allegations relating to the '992 Mark contained in Paragraph 15 of the Counterclaim are moot and irrelevant. Except as so stated, Deckers denies the allegations contained in Paragraph 15 of the Counterclaim.

## SECOND CLAIM FOR RELIEF

**(Cancellation of Registrations Based on Genericness under 15 U.S.C. §§ 1052, 1064, 1119, and 1127)**

16. Deckers hereby incorporates and re-alleges its responses to Paragraphs 1 through 15, above.

17. Deckers denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Deckers avers that the registration for the '992 Mark was not renewed and therefore the allegations relating to the '992 Mark contained in Paragraph 18 of the Counterclaim are moot and irrelevant. Except as so stated, Deckers denies the allegations contained in Paragraph 18 of the Counterclaim.

19. Deckers denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Deckers avers that the registration for the '992 Mark was not renewed and therefore the allegations relating to the '992 Mark contained in Paragraph 20 of the Counterclaim are moot and irrelevant. Except as so stated, Deckers denies the allegations contained in Paragraph 20 of the Counterclaim.

## THIRD CLAIM FOR RELIEF

**(Declaratory Relief)**

21. Deckers hereby incorporates and re-alleges its responses to Paragraphs 1 through 20, above.

1  22. Deckers avers that the contents of the Complaint and the Counterclaim speak for themselves and otherwise denies the allegations contained in Paragraph 22 of the Counterclaim.

23. Deckers avers that the contents of the UGG Registrations and the Complaint speak for themselves and otherwise admits the allegations contained in Paragraph 23 of the Counterclaim.

24. Deckers admits that Emu contends that "it has not infringed the rights claimed by Deckers or is not otherwise liable for violations of any such rights," avers that the contents of the Complaint and Emu's Answer speak for themselves, and, except as so stated, denies the remaining allegations contained in Paragraph 24.

25. Deckers admits that the Counterclaim purports to seek a declaration concerning the validity and enforceability of the UGG Mark and UGG Registrations, admits that the Counterclaim purports to seek a declaration that Emu has not infringed any trademark or related interests for which Deckers claims ownership in this action, and, except as so stated, denies the allegations contained in Paragraph 25 of the Counterclaim.

## FOURTH CLAIM FOR RELIEF
### (False Designation of Origin under 15 U.S.C. §1125(a))

26. Deckers hereby incorporates and re-alleges its responses to Paragraphs 1 through 25, above.

27. Deckers avers that it uses the word "Australia" as part of its UGG AUSTRALIA trademark and trade name and, except as so stated, denies the allegations contained in Paragraph 27 of the Counterclaim.

28. Deckers admits that it is not an Australian company nor has its principal place of business in Australia.  Deckers states that the phrase "nerve center" contained in Paragraph 28 is vague and ambiguous and, on that basis, denies the remaining allegations contained in Paragraph 28 of the Counterclaim.

29. Deckers denies the allegations contained in Paragraph 29 of the Counterclaim.

30. Deckers states that the term "manufactured" contained in Paragraph 30 is vague and ambiguous and, on that basis, denies the allegations contained in Paragraph 30 of the Counterclaim.

31. Deckers denies the allegations contained in Paragraph 31 of the Counterclaim.

32. Deckers denies the allegations contained in Paragraph 32 of the Counterclaim.

33. Deckers denies the allegations contained in Paragraph 33 of the Counterclaim.

34. Deckers denies the allegations contained in Paragraph 34 of the Counterclaim.

35. Deckers denies the allegations contained in Paragraph 35 of the Counterclaim.

## **PRAYER FOR RELIEF**

36. Deckers avers that the WHEREFORE Paragraph and Subparagraphs 1 through 8 do not contain any allegations that require a response. To the extent Emu's prayer for relief is deemed by the Court to include allegations, Deckers denies them.

## **AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses set forth below, Deckers does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

### **First Affirmative Defense**
### **(Failure to State a Claim)**

1. Emu's claims are barred, in whole or in part, because Emu has failed to state a claim for which relief can be granted.

2. Deckers hereby incorporates and re-alleges the allegations of its Complaint.

3. Emu's allegations of fraud and genericism fail to set forth a sufficient factual basis.

4. To the extent that Emu's allegations of fraud on the United States Patent and Trademark Office ("USPTO") are based on its information and belief, they fail to make factual allegations sufficient to present a plausible claim for relief.

5. Emu fails to allege any facts in support of its assertion that the UGG mark was "generic *ab initio*, or has become generic when used in connection with sheepskin boots." Countercl. ¶¶ 18, 20.

### Second Affirmative Defense
### (Unclean Hands)

6. Emu's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Deckers hereby incorporates and re-alleges the allegations of its Complaint.

8. Emu knowingly used Deckers's registered UGG Mark in order to advertise its competing sheepskin boots. Defendants' unauthorized use of Deckers's UGG Mark occurred after Deckers had obtained federal trademark registrations for the UGG Mark and with full knowledge of Deckers's ownership of and exclusive rights in the UGG Mark.

### Third Affirmative Defense
### (Laches)

9. Emu's claims are barred, in whole or in part, by the doctrine of laches.

10. Deckers hereby incorporates and re-alleges the allegations of its Complaint.

11. Deckers, through its predecessor company, began selling sheepskin boots in the U.S. in connection with the UGG Mark in late 1978 or early 1979.

12. Deckers filed a trademark application for the mark ORIGINAL UGG BOOT UGG AUSTRALIA (with Ram Head Design) with the USPTO on December 2, 1985. The USPTO issued a trademark registration, Reg. No. 1,240,992, on October 13, 1987.

13. Deckers has subsequently filed for and obtained at least 11 more federal trademark registrations for the UGG Mark.

14. In 2004, Ugg Holdings sued Koolaburra for, *inter alia*, infringement of the UGG Mark and Koolaburra filed counterclaims asserting, *inter alia*, trademark invalidity. Deckers acquired the suit from Ugg Holdings following the September 2004 merger. The United States District Court in the Central District of California found that Deckers's UGG Mark was valid, "extremely strong," and not generic and that a likelihood of confusion existed. *Ugg Holdings, Inc. v. Severn*, Case No. CV 04-1137-JFW (FMOx), 2005 U.S. Dist. LEXIS 45783, **13-20, 23-29 (C.D. Cal. Feb. 24, 2005).

15. The court further found that Koolaburra had failed to establish their affirmative defense of fraudulent procurement of the UGG Mark. *Id*. **31-32. Specifically, the court held that "even if at the time Smith executed the declaration, he believed the term 'ugg' to be generic in Australia, Defendants have not demonstrated that Smith had anything other than an 'honestly held, good faith belief' that the term was not generic in the United States." *Id*. at *32.

16. Emu has had notice of Deckers's ownership of and exclusive rights in the UGG Mark for decades, but has unreasonably delayed in filing suit.

17. Since that ruling, Deckers has invested millions of dollars extensively promoting and advertising its UGG Mark through various channels. Emu's failure to challenge the validity of Deckers's UGG Mark has resulted in Deckers relying to its detriment by expending substantial resources to build a business around its UGG Mark.

18.     Deckers is further prejudiced by Emu's unreasonable delay because relevant witnesses and other evidence are no longer available due to the passage of time.

DATED: April 18, 2011

       QUINN EMANUEL URQUHART & SULLIVAN. LLP


       By    /s/ Richard A. Schirtzer
         Richard A. Schirtzer
         Susan R. Estrich
         Robert L. Raskopf
         Kate E. Cassidy
         Attorneys for Deckers Outdoor Corporation